IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Respondent,               No. CR S-08-0453 LKK KJN P

    vs.

JESS VERNON BRASIER,

        Movant.                  FINDINGS & RECOMMENDATIONS

_____/

I. Introduction

       Movant is a federal prisoner, proceeding without counsel, with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 filed September 15, 2011. (Dkt. No. 109.) Movant challenges his conviction for conspiring to manufacture marijuana. Movant is serving a sentence of 60 months imprisonment. Movant argues that a two-level sentencing enhancement for possession of a firearm should be removed from the presentence report ("PSR") because this enhancement was never charged.

       After carefully considering the record, the undersigned recommends that movant's motion be dismissed for the reasons stated herein.

       At the outset, the undersigned clarifies that the pending motion is brought pursuant to 28 U.S.C. § 2255. Movant's motion is titled, "Petition for Order Directing

1

1  Amendment to Pre-Sentence Report (Rule 32 FR Crim. P.)" (Dkt. No. 109.)  On September 21,
2  2011, the Honorable Lawrence K. Karlton construed the motion as a request for federal habeas
3  corpus.  (Dkt. No. 108.)  Although Judge Karlton did not state under which federal habeas statute
4  he construed this action as having been brought, i.e., 28 U.S.C. §§ 2241 or 2255, it is clear that
5  this action is brought pursuant to 28 U.S.C. § 2255.

6  Motions contesting the *legality* of federal sentences are properly brought in 28
7  U.S.C. § 2255 motions.  Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000).  Motions
8  challenging the *execution* of federal sentences are properly brought in 28 U.S.C. § 2241 motions.
9  (Id.).  The undersigned finds that the claim raised in the instant action challenges the legality of
10 movant's sentence.  Moreover, the undersigned has found numerous Ninth Circuit cases treating
11 claims challenging errors in PSRs as having been properly brought pursuant to 28 U.S.C. § 2255.
12 For example, in United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir. 1990), the Ninth
13 Circuit considered a § 2255 motion raising a claim that the PSR was inaccurate.   For these
14 reasons, the undersigned clarifies that movant's motion is brought pursuant to 28 U.S.C. § 2255.

15 On March 8, 2012, movant was granted thirty days to inform the court whether he
16 objected to the recharacterization of his motion as having been brought pursuant to 28 U.S.C. §
17 2255.  See Castro v. United States, 540 U.S. 375 (2003) (a court must first warn the litigant about
18 the consequences of recharacterizing a pleading as a § 2255 motion).  (Dkt. No. 129.)  In this
19 order, movant was granted the opportunity to file an amended § 2255 motion raising all of the
20 claims he intended to assert. (Dkt. No. 129.)  On March 19, 2012, movant filed a response to the
21 March 8, 2012 order indicating that he did not object to the characterization of his motion as
22 having been brought pursuant to 28 U.S.C. § 2255.  (Dkt. No. 130.)  Movant did not file an
23 amended motion.

24 II. Discussion

25       A.  Non-Constitutional Sentencing Error

26 Respondent first argues that movant's claim is waived because he is challenging a

non-constitutional sentencing error.

Non-constitutional sentencing errors raised in motions brought pursuant to 28 U.S.C. § 2255 are waived if such errors were not challenged in an earlier proceeding. United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir. 1995); United States v. Keller, 902 F.2d 1391, 1393-94 (9th Cir. 1990) (appellant who did not contest accuracy of PSR prior to filing section 2255 motion waives right to raise the issue through a section 2255 motion). Section 2255 movants waive the right to object in collateral proceedings unless they make a proper objection before the district court or in a direct appeal from the sentencing decision. Schlesinger, 49 F.3d at 483; Keller, 902 F.2d at 1393.

The undersigned agrees with respondent that movant's claim raises a non-constitutional sentencing error. For the reasons stated herein, the undersigned also finds that movant did not raise this claim in an earlier proceeding. Movant did not appeal. There is no evidence that movant raised this claim before the district court. The plea agreement, signed by movant, states that the parties agreed that movant was in possession of a firearm at the time of his arrest. (Dkt. No. 118-5 at 7.) The presentence report, filed under seal, states that firearms were found on properties owned by movant. (Dkt. No. 121-1.) The presentence report also states that the government and movant stipulated to several guideline variables, including "possession of a firearm: + 2." (Id. at 6.) At the change of plea hearing, movant did not raise this issue. (Dkt. No. 118-6.) Movant also did not raise this issue at sentencing. (Dkt. No. 118-8.)

For the reasons discussed above, movant's motion should be dismissed because he is raising a non-constitutional sentencing issue that was not previously raised.

B. Statute of Limitations

Respondent argues that movant's claim is barred by the statute of limitations.

A section 2255 motion must be brought within a one-year limitations period. The statute provides that:

> The limitation period shall run from the latest of-

     (1) the date on which the judgment of conviction becomes final;

     (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

     (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

     (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

     Respondent argues that the limitations period began to run on the date on which the judgment of conviction became final. A judgment of conviction becomes final "upon the expiration of the time during which [the defendant] could have sought review by direct appeal." United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001). Under Federal Rule of Appellate Procedure 4(b)(1), a criminal defendant has 14 days to file a notice of appeal after the entry of judgment.

     In the instant case, judgment was entered on January 28, 2010. Movant did not appeal. Therefore, movant's conviction became final fourteen days later on February 11, 2010. Movant had one year from that date to file a timely motion pursuant to 28 U.S.C. § 2255. The instant action, filed September 15, 2011, is not timely. For these reasons, the undersigned also recommends that movant's motion be dismissed because it is barred by the statute of limitations.

     C. Collateral Waiver

     Respondent next argues that this action is barred because in the plea agreement, movant waived his right to file a motion pursuant to 28 U.S.C. § 2255. The plea agreement states that movant agreed not to file a motion under 28 U.S.C. § 2255. (Dkt. No. 118-5 at 9.)

     A defendant may waive the statutory right to bring a § 2255 action challenging the length of his sentence. United States v. Pruitt, 32 F.3d 431, 433 (9th Cir. 1994); United States v.

4

1  Abarca, 985 F.2d 1012, 1014 (9th Cir. 1992).  The only claims that cannot be waived are claims
2  that the waiver itself was involuntary or that ineffective assistance of counsel rendered the plea
3  involuntary.  See Washington v. Lampert, 422 F.3d 864, 871 (9th Cir. 2005) (holding that a plea
4  agreement that waives the right to file a federal habeas petition pursuant to § 2254 is
5  unenforceable with respect to an ineffective assistance of counsel claim that challenges the
6  voluntariness of the waiver); Pruitt, 32 F.3d at 433 (expressing doubt that a plea agreement could
7  waive a claim that counsel erroneously induced a defendant to plead guilty or accept a particular
8  plea bargain).

9        Movant's § 2255 motion does not allege that his waiver of the right to file the §
10 2255 motion was involuntary or that his plea was involuntary due to ineffective assistance of
11 counsel.  In the reply to respondent's opposition, movant argues that his counsel was ineffective
12 for failing to challenge the PSR on the grounds raised in the instant action.  (Dkt. No. 128 at 4-
13 10.)  However, despite being granted the opportunity to do so (dkt. No. 129), movant did not file
14 an amended § 2255 raising an ineffective assistance of counsel claim.  (Dkt. no. 130.)

15       Because this action is proceeding on the original § 2255 motion, which does not
16 raise a claim of ineffective assistance of counsel, the undersigned finds that the instant action is
17 barred pursuant to movant's waiver of his right to file a § 2255 motion in the plea agreement.

18       D.  Conclusion

19       Respondent further argues that movant's motion should be denied on the merits.
20 The undersigned need not reach this issue because movant's motion should be dismissed for the
21 three reasons discussed above.

22       IT IS HEREBY RECOMMENDED that:

23       1.  Movant's September 15, 2011 motion to vacate, set aside, or correct his
24 sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 109) be dismissed; and

25       2.  The Clerk of the Court be directed to close the companion civil case No. 2: 11-
26 cv-2524 LKK KJN P.

1       These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
3  one days after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
6  objections shall be filed and served within fourteen days after service of the objections.  The
7  parties are advised that failure to file objections within the specified time may waive the right to
8  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
9  DATED: March 22, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bra453.257